## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DANIEL BURRUS** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 25-488** |
| | : | |
| **BRADLEY BOOHER, LAWRENCE** | : | |
| **KRASNER, THE ATTORNEY** | : | |
| **GENERAL OF THE STATE OF** | : | |
| **DAVID SUNDAY** | : | |

## ORDER

**AND NOW**, this 10th day of July 2026, upon careful and independent review of the Petition (ECF 1, 6) and Amended Petition (ECF 18) for writ of habeas corpus from a state court conviction under 28 U.S.C. § 2254, the Response (ECF 23), Judge Cinquanto's exhaustive Report recommending we deny the Petition (ECF 26) as untimely with no statutory or equitable grounds to toll the untimely filing, Petitioner not filing objections after granting him two extensions (ECFs 28, 31) , all documents in the record, finding no basis for an evidentiary hearing or for a certificate of appealability, and for good cause, it is **ORDERED** we:

1. **OVERRULE** Petitioner's Objections (ECF 27);

2. **APPROVE AND ADOPT** Judge Cinquanto's Report and Recommendation (ECF 26) [1];

3. **DISMISS** and **DENY** the Petitions for writ of habeas corpus (ECF 1, 6, 18) with prejudice;

4. **DENY** a certificate of appealability after finding no basis for an evidentiary hearing[2]; and,

5. **DIRECT** the Clerk of the Court **close** this case.

_____
**KEARNEY, J.**

---

[1] Judge Cinquanto detailed why Mr. Burrus could not overcome the time bar of his facially untimely petition.  We studied Judge Cinquanto's detailed analysis.  We agree and approve her Report and Recommendation require we deny habeas relief.

[2] We find no basis for a certificate of appealability. A certificate of appealability may issue only if Mr. Burrus makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Mr. Burrus could satisfy this standard by showing "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Reasonable jurists could not disagree with our resolution of the untimely nature of Mr. Burrus's petition.

Although Mr. Burrus did not request an evidentiary hearing, we find "[t]he record conclusively shows [he] is entitled to no relief" and "[n]o hearing is necessary to rule on this matter." *United States v. Maldonado*, No. 10-288, 2016 WL 4206371, at *6 (E.D. Pa. Aug. 9, 2016) (citing 28 U.S.C. § 2255(b)).